## GOLDMAN v. UNITED STATES.

(Circuit Court, S. D. New York. March 1, 1898.)

CUSTOMS DUTIES—CLASSIFICATION—WOOD FLOUR.

Wood ground into a powder by a dry process, and known in trade both as "wood flour" and "wood pulp," was not dutiable as wood pulp, under paragraph 303 of the act of August 28, 1894, as claimed by the protest; and the collector's decision classifying it as a "manufacture of wood not specially provided for," under paragraph 181, must stand.

This was an application to review a decision of the board of general appraisers affirming a decision of the collector of the port of New York in regard to the classification for duties under the act of August 28, 1894, of certain wood powder, classifying it as a "manufacture of wood not specially provided for," under paragraph 181. The importer claimed that it should be classified, under paragraph 303, as "wood pulp."

Howard H. Williams, for petitioner.
J. T. Van Rensselaer, for the United States.

87 F.—13

TOWNSEND, District Judge (orally). The article in question is wood ground into a dry powder. It was known in the trade both as "wood flour" and "wood pulp," and under various other names. Wood macerated with water against stones revolving vertically, until it is converted into a soft coherent mass, is commercially known as "wood pulp." This wood flour is ground dry, like other flours, between millstones, and is never "pulp" in fact, in the common meaning of the word. Although some persons deal in it under the name of "wood pulp," it is not uniformly or generally known as "wood pulp" in trade and commerce. The finding of the board, on the evidence before it, that the article is not wood pulp, is not overcome by the conflicting testimony in this court. Inasmuch as the importer has failed to show that this article is wood pulp, the decision of the board of general appraisers sustaining the collector is affirmed.